**STATE of Minnesota, Appellant,**

v.

**Jacob Joseph WIHERSKI, Respondent.**

**No. C0–91–1676.**

Court of Appeals of Minnesota.

Feb. 18, 1992.

Review Denied April 9, 1992.

———

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Robert D. Goodell, Asst. County Atty., Anoka, for appellant.

William Godbout, Jr., Lawrence D. Olson & Associates, Roseville, for respondent.

Considered and decided by DAVIES, P.J., and PETERSON and FOLEY,* JJ.

### OPINION

DAVIES, Judge.

This appeal is from a pretrial order dismissing charges of second-degree criminal sexual conduct. We reverse.

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI,

§ 2.

## FACTS

Respondent Jacob Wiherski was charged with two counts of second-degree criminal sexual conduct for alleged sexual contact with his niece, H.M.B. The state alleges this conduct occurred in 1985 or 1986.

Wiherski moved to dismiss the complaint. He submitted an affidavit stating that accusations of sexual contact with H.M.B. had been investigated twice by Washington County authorities, that he had received letters indicating both investigations found the allegations to be unsubstantiated, and that the records would be destroyed. Wiherski also submitted a third letter, dated May 13, 1986, from Chisago County Social Services. This letter informed Wiherski that "a report of suspected child abuse or neglect involving members of your family," had been found to be unsubstantiated. Wiherski was informed the investigative findings would be destroyed after one year.

The trial court denied the motion to dismiss for lack of probable cause, but granted the motion to dismiss based on the destruction of the Washington and Chisago County investigative files. The court noted that allegations Wiherski abused H.M.B. in 1985 or 1986 were investigated by Washington and Chisago County and found to be unsubstantiated. The court concluded that, although the destruction of these investigative files was mandated by statute, their exculpatory value was apparent and Wiherski could not obtain comparable evidence by other means. The trial court denied the state's motion for reconsideration.

## ISSUE

Did the trial court clearly err in dismissing the complaint due to destruction of evidence?

## ANALYSIS

The Washington County Sheriff's Office and Chisago County Social Services destroyed their files pursuant to Minn.Stat. § 626.556, subd. 11(a) (1986), which provides:

(a) If upon assessment or investigation a report is found to be false, notice of intent to destroy records of the report shall be mailed to the individual subject of the report. At the subject's request the records shall be maintained as private data. If no request from the subject is received within 30 days of mailing the notice of intent to destroy, the records shall be destroyed.

The investigating agencies notified Wiherski that the reports were unsubstantiated, and that the investigative records would be destroyed.

The trial court analyzed the destruction of the investigative files as a destruction of "evidence." *See generally California v. Trombetta,* 467 U.S. 479, 488–89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984) (duty to preserve evidence which is constitutionally material). Wiherski claims the original statements of the alleged victim and others with knowledge of the circumstances surrounding the alleged offenses is "evidence" material to the charges now brought against him. This evidence, however, can be obtained again by other means. *Cf. generally id.* at 488–89, 104 S.Ct. at 2534 (destroyed evidence is not constitutionally material if comparable evidence can be obtained by other reasonably available means). Similarly, the conclusions of investigators are not the type of "evidence" that the state is obligated to retain. *See* Minn.R.Crim.P. 9.01, subd. 3(1)(a) (conclusions of prosecutors or other officials are not discoverable).

To purge records of false charges, the statute mandates destruction if a conclusion is reached that a report of sexual abuse is unsubstantiated. Minn.Stat. § 626.556, subd. 11(a). Here, the agencies were simply following the law in destroying the reports, and Wiherski did not request their retention, as he had a right to do. *Id.* Although the agencies' investigators may retain no memory of the case, defense investigators may interview the same witnesses and investigate the same circumstances. *See generally State v. Joon Kyu Kim,* 398 N.W.2d 544, 547 (Minn.1987).

We conclude that the trial court clearly erred in dismissing the complaint due to destruction of the investigative files. To rule otherwise would undermine the policy of purging files.

## DECISION

The trial court clearly erred in dismissing the complaint due to a statutorily mandated destruction of investigative files.

Reversed.